

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. 0-5446

Re: Authority of State Treasurer
to pay, out of order of priority,
General Fund warrants issued to
Federal government, under terms
of Section 3, House Bill No. 5,
48th Legislature.

We have your letter requesting an opinion on the following question:

Under the provisions of Section 3, House Bill No. 5, 48th Legislature, is the State Treasurer authorized to pay, out of order of priority, General Fund warrants issued to the Federal government or any of its agencies against the appropriations made by such Act?

The Section to which your question refers provides:

"Sec. 3. The Treasurer of the State of Texas is hereby authorized to pay warrants at their full face value issued under the authority of this Act if the warrants are payable to the Federal government or to any agency of the Federal Government."

The order in which warrants on the General Fund are to be paid by you is provided by Article 4386, R. C. S., 1925, which states in part:

"All warrants on the State Treasury shall be general warrants, and shall be on an equal basis with each other except that in the event of a question and necessity arising as to priority of payment of any such warrants, they shall

Honorable John D. Reed, page 2

House Bill No. 264, Acts of the 48th Legislature of Texas?"

House Bill No. 264, Acts of the 48th Legislature, provides that each employment agency must pay an annual license fee of $150.00 for each county in which the employment agent shall operate, and shall file with the proper authority a bond in the sum of $5,000.00.

Section 1 of said House Bill No. 264 defines "employment agent" as follows:

"(e) 'Employment . . . Agent' means any person in this State who for a fee offers or attempts to procure employment for employees, . . . or any person who for a fee offers or attempts to procure or procures employees for employers. . . ."

By way of exception, Section 2 of the Act provides:

"The provisions of this Act shall not apply to . . . any nurses' organization operated not for profit, to be conducted by recognized professional registered nurses for the enrollment of its professional members only for the purpose of providing professional service to the public."

From the facts submitted, it is the opinion of this department that the individual performing the described duties is a "person who for a fee offers or attempts to procure or procures employees for employers" and that such individual does not come within the exception above quoted nor any other exception in the Act, and that such individual is an "employment agent" within the provisions of House Bill No. 264, Acts of the 48th Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. D. Pharr

E. G. Pharr
Assistant

APPROVED AUG 4, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

EGP:db

APPROVED
OPINION
COMMITTEE
BY